IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS BERNARD SEALS,  )<br>  )<br>        Petitioner,  )<br>  )<br>v.  )<br>  )<br>R. SMITH,  )<br>  )<br>        Respondent.  ) | Case No. CIV-19-1069-D |

**ORDER**

This matter is before the Court for review of the Report and Recommendation ("Report") [Doc. No. 28] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner has timely objected [Doc. Nos. 30–32] to the Report, which recommends dismissing the petition as time barred. Accordingly, the Court must make a *de novo* determination of those portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

**BACKGROUND**

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his May 2, 2017 conviction and sentence in Oklahoma County District Court. Petitioner filed this federal action on November 19, 2019, and filed an amended petition on December 23, 2019. [Doc. Nos. 1, 11]. Judge Mitchell recommends that the petition be deemed time barred under the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A). Judge Mitchell also concludes that neither § 2244(d)(1)(C)

or (D) applies, and that no basis exists for statutory or equitable tolling of the one-year limitation period.[1]

In his objections, Petitioner does not dispute Judge Mitchell's historical account of the state court proceedings; thus, the Court accepts this portion of the Report.[2] Nor does Petitioner raise any specific objection to Judge Mitchell's analysis of the untimeliness of the petition under § 2244(d). Further, Petitioner does not dispute that the timeliness of his petition depends on the applicability of the equitable tolling doctrine.

## DISCUSSION

Thus, in order for the petition to survive, Petitioner must establish equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this circuit, equitable tolling may be appropriate when a prisoner has failed to file a timely federal petition due to "extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling is limited to "rare and exceptional circumstances").

---

[1] As noted by Judge Mitchell, although Petitioner sought post-conviction relief in state court, that filing could not toll the limitation period under § 2244(d)(2) because the limitation period expired prior to Petitioner filing for state post-conviction relief.

[2] Petitioner has waived further review of all issues as to which no specific objection is made. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

In an effort to establish equitable tolling,[3] Petitioner asserts that his ignorance of the law, lack of legal resources at the prison, the death of his mother, his mental health problems, and his mental health medication prevented him from filing a federal petition within the one-year period imposed by 28 U.S.C. § 2244(d)(1)(A). Petitioner also appears to present a factual innocence claim. The Court addresses each in turn.

Petitioner asserts that the "General Instructions for Habeas Corpus Actions Under 28 U.S.C. § 2241 and 28 U.S.C. § 2254" [hereinafter General Instructions] and the Local Civil Rules[4] do not indicate that the one-year limitation period begins to run the day after a conviction is final. He further asserts that he has limited resources at the prison "and can only go off of what is provided to [him]." [Doc. No. 32 at 2]. However, ignorance of the law, even for a *pro se* prisoner, does not excuse the timely filing of a habeas petition. *See Marsh*, 223 F.3d at 1220. Further, "a claim of insufficient access to relevant law . . . is not enough to support equitable tolling." *Klinger*, 232 F.3d at 808. Petitioner "has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (concluding that it is not enough to say that the facility lacked the relevant statutes and case law).

---

[3] The Supreme Court has long directed that *pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, this analysis broadly construes Petitioner's claims, "however inartfully pleaded." *Id*.

[4] The record reflects that copies of each were sent to Petitioner on November 20, 2019 by the Clerk of Court, and Petitioner indicates he received them on December 6, 2019.

Additionally, paragraph 7 of the General Instructions references the one-year limitation period, and advises that § 2244(d) and related court decisions discuss when the period begins and whether intervening events can extend it. *See* http://www.okwd.uscourts.gov/wp-content/uploads/habeas_2254-action.pdf. Thus, the General Instructions, contrary to Petitioner's assertion, do alert a petitioner to this issue. None of these assertions support Petitioner's eighteen-month-delay in filing his petition.

Although Petitioner argues that the limitations period should be tolled because of his mental illness, he offers no evidence supporting his claim. *See Ketchum v. Parker*, 548 F. Supp. 2d 1233, 1235 (W.D. Okla. 2008). Nor does he offer any evidence that he has ever been adjudicated incompetent, institutionalized for mental incapacity, or that he is not capable of pursuing his own claims because of mental incapacity. *See, e.g., Rawlins v. Newton-Embry*, 352 F. App'x 273, 276 (10th Cir. Nov. 4, 2009) (unpublished).[5]

Petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Petitioner has not shown that he diligently pursued his federal habeas claims or that there was any impediment to a timely filing. Petitioner was able to file his § 2254 petition on November 19, 2019. Petitioner has not presented any evidence, such as medical records or affidavits signed by physicians who have examined or treated him in prison, to support a finding that a mental illness prevented him from filing a timely § 2254 petition.

---

[5] All unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th CIR. R. 32.1.

Nor has Petitioner shown that his alleged depression, prompted by the death of his mother in October 2017, was a mental condition or an extraordinary circumstance that prevented him from filing a timely federal habeas petition. Although the passing of Petitioner's mother is unfortunate and beyond Petitioner's control, a review of the record shows that Petitioner had seven months after his mother's death to file a timely petition. Petitioner does not show that he was incapable for the entire time nor does he show that he used reasonable diligence in filing the instant petition. Petitioner has not demonstrated a sufficient causal connection between his mother's death and his failure to file a timely petition.

Petitioner also appears to seek equitable tolling based on a claim of factual innocence. *See* Pet'r's Obj. at 4 [Doc. No. 30]. Petitioner states that his mother was the only witness that could prove that he was factually innocent, and that his "dying mother" asked him to plead guilty to prevent Petitioner from serving a prison sentence of 100 years. *Id*. Factual innocence, or actual innocence, has been recognized by the Tenth Circuit as equitable grounds for not applying the one-year limitation period. *See, e.g., Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014).

However, to qualify for the actual innocence exception, Petitioner must "support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). Petitioner presents no new evidence that he was not aware of at the time he pled guilty on May 2, 2017. Further, Petitioner's claim that his guilty plea was involuntary is an issue of

legal, not factual innocence. *See Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) (holding that a state inmate's claim that his guilty plea was involuntary was not a claim of factual innocence necessary to equitably toll the statutory period). In summary, the Court finds that Petitioner has failed to meet his burden of establishing equitable tolling.

## CONCLUSION

Upon *de novo* review of the issues presented, the Court finds that the claims in the petition are time barred and should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). Accordingly, Judge Mitchell's Report and Recommendation [Doc. No. 28] is **ADOPTED** in its entirety. Petitioner's claims are dismissed with prejudice as time barred. A judgment shall be issued forthwith.

The Court finds that appointment of counsel is unnecessary and **DENIES** Petitioner's request for counsel.[6] Respondent's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations [Doc. No. 19] is **GRANTED**. Petitioner's Motion to Vacate [Doc. No. 17] and Motion to Proceed with Newly Discovered Evidence and Motion to Quash, Dismiss, and Set Aside the Information [Doc. No. 25] are **DENIED** as moot.

---

[6] Generally, there is no constitutional right to counsel beyond the appeal of a criminal conviction; therefore, appointment of counsel in a § 2254 proceeding is left to the Court's discretion. *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). There is a right to counsel in a habeas case when the Court determines that an evidentiary hearing is required. *Id.* Under the circumstances presented, the Court finds appointment of counsel is unnecessary.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 2nd day of July 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge